UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

k

| | |
|---|---|
| OBIE CRISP, | Case No.: 1:13-cv-00815-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO FILE LATE GOVERNMENT CLAIM |
| v. | (ECF No. 6) |
| WASCO STATE PRISON, et al., | |
| Defendants. | |

Plaintiff Obie Crisp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on May 30, 2013. (ECF No. 1.)

On July 10, 2013, Plaintiff filed the instant request to file a late claim under the Government Claims Act ("California Tort Claims Act"). (ECF No. 6.) Plaintiff requests that this Court grant him leave to file a late claim with the California Victim Compensation and Government Claims Board related to his allegations in this action. Plaintiff reportedly experienced various difficulties in obtaining and submitting the proper claim forms to the proper entities.

The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov. Code § 911.2. No suit for money or damages may be brought against a public entity until a written claim has been presented to and has

1

been acted on or rejected by the California Victim Compensation and Government Claims Board. Cal. Gov. Code § 945.6. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001). Under California Government Code section 946.6, a would-be claimant may petition a court for an order relieving the petitioner from the requirement of section 945.4 to present a timely claim to the California Victim Compensation and Government Claims Board. Cal. Gov. Code § 946.6(a).

Section 946.6(a) provides: "The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov.Code § 946.6(a). The Ninth Circuit has not decided whether a federal court, as opposed to a state superior court, has jurisdiction to rule on a petition for leave to file a late claim and there is a split of authority among California's district courts. However, this Court agrees with the decision of Crisp v. Wasco State Prison, Case No. 1:13-cv-00816-GSA, 2013 WL 3805150, *1-2 (E.D. Cal. Jul. 22, 2013), in which the district court declined jurisdiction over a similar request from Plaintiff. In declining authority to issue the requested relief, the district court concurred with the reasoning of Hill v. City of Clovis, 2012 WL 787609, *12 (E.D. Cal. Mar. 9, 2012). Id. The Hill court followed the majority position of California District Courts and concluded that only state superior courts have been given the authority to grant relief pursuant to section 946.6(a). Hill, 2012 WL 787609 at *12. The Court finds these decisions persuasive and therefore concludes that it lacks authority to grant relief under section 946.6(a).

Accordingly, Plaintiff's request for leave to file a late government claim is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 11, 2014**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

2