# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE CRISP,<br><br>       Plaintiff,<br><br>  v.<br><br>WASCO STATE PRISON, et al.,<br><br>       Defendants. | 1:13-cv-00815-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>THIRTY-DAY DEADLINE |

### I.  Screening Requirement and Standard

Plaintiff Obie Crisp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 30, 2013. Plaintiff's first amended complaint, filed on August 22, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. The events alleged in Plaintiff's complaint occurred while he was housed at Wasco State Prison. Plaintiff names Chief Medical Examiner Dr. Youseff and Wasco State Prison as defendants.

Plaintiff arrived at Wasco State Prison on June 14, 2012. He weighed nearly 700 pounds and was morbidly obese. He presented past chronos validating his necessities of boots for ankle support and daily showers. Daily showers were prescribed due to his skin conditions and ailments. Plaintiff also presented a letter from his primary care physician, Dr. Tentapenco, which identified Plaintiff health concerns and needs. Dr. Tentapenco offered to assist in Plaintiff's transition to prison.

Plaintiff asserts that his requests for reissued chronos were ignored by the Wasco State Prison Medical Department, which resulted in continuous pain in his ankles. He also claims that the irregular showers subjected him to skin infections, which lead to skin fold tears.

1  Plaintiff attempted to reach out to Wasco State Prison medical leaders and administrators, the health care appeals office and Chief Medical Officer Dr. Youseff. Plaintiff wrote numerous requests for help following each extended, progressive and excessive pain with injury that he forced to endure. All of his requests were ignored or rejected.

Four months and four skin fold tears later, Plaintiff was interviewed on October 25, 2012, by L. Perich. L. Perich stated that Plaintiff's own ignorance of policy numbers lead to his pain, suffering and injuries. During the interview, Plaintiff repeatedly requested to know how his requests for reissued chronos were ignored. Plaintiff also noted his lack of a Title 15 and his ignored requests to go to the law library.

Eventually, Dr. Youseff responded by denying Plaintiff's request for showers and boots. Following more documentation and injuries (four skin fold tears), a second request was made. Dr. Youseff partially granted the request by allowing the shower chrono, but denying the boot chrono. Dr. Youseff denied the original 602 after reviewing all of Plaintiff's medical records.

Plaintiff asserts deliberate indifference to a serious medical need, failure to summon care, negligent or inadequate care, failure to prescribe a boot chrono, and interruption in his daily showers resulting in skin fold tears.

Plaintiff seeks compensatory damages in the amount of $1,000,000.00.

**III.   Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint is disjointed and difficult to understand. If Plaintiff elects to amend his complaint, he must set forth a short and plain statement of the factual allegations against each individual defendant.

### B. Eleventh Amendment Immunity

To the extent Plaintiff seeks to bring a damages claim against Wasco State Prison, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007). As such, the Eleventh Amendment bars any claim for monetary damages against Wasco State Prison.

### C. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir .2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical needs against Defendant Youseff. It appears that Plaintiff submitted two grievances to Defendant Youseff, one which was denied and one which was partially granted. Plaintiff may not base his claim against Defendant Youseff solely his review of Plaintiff's appeal. The prison grievance procedure does not confer any substantive rights upon inmates and actions in

reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  The complaint therefore fails to state a cognizable claim against Defendant Youseff based on the administrative review process.

To the extent that Plaintiff's claims are based on Defendant Youseff's treatment decisions, Plaintiff has, at best, alleged a difference of opinion between himself and Defendant Youseff or between his primary care physician and Defendant Youseff regarding Plaintiff's need for daily showers and a boot.  A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).  Additionally, a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To state a claim under these conditions requires the plaintiff to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Plaintiff will be given leave to cure the deficiencies identified in this claim.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:  **May 14, 2014**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE