1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE CRISP, | ) 1:13-cv-00815-BAM (PC) |
| | ) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| | ) SECOND AMENDED COMPLAINT AND |
| v. | ) GRANTING LEAVE TO AMEND |
| | ) (ECF No. 21) |
| WASCO STATE PRISON, et al., | ) |
| | ) |
| Defendants. | ) THIRTY-DAY DEADLINE |
| | ) |
| | ) |

**I.      Screening Requirement and Standard**

Plaintiff Obie Crisp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 30, 2013. Plaintiff filed a first amended complaint on August 22, 2013. On May 15, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend. Plaintiff's second amended complaint, filed on June 16, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. The events alleged in Plaintiff's complaint occurred while he was housed at Wasco State Prison. Plaintiff names Chief Medical Examiner Dr. Youseff as the sole defendant.

Plaintiff arrived at Wasco State Prison on June 14, 2012. He weighed nearly 700 pounds and was morbidly obese. He presented a statement from his primary doctor, which addressed his numerous health concerns, along with past chronos for boots and daily showers.

Plaintiff gave his primary care provider, Dr. Solimoni, two weeks to address the health concerns before writing CDC 22s and 602s. Three of his health care appeals were denied for clerical errors. On November 9, 2012, his forth appeal was denied.

Plaintiff began writing the Chief Medical Examiner following Dr. Solimoni's advice after he stated that his hands were tied to grant the chronos.  Plaintiff endured months of chronic ankle pains, skin fold tears, and skin infections for which Plaintiff was constantly prescribe pain meds and Bacitration, an ointment specifically for skin tears and infections.

Being severely morbidly obese resulted in Plaintiff's placement in the long term/chronic care program.  This program reviews the history of patients to create prevention and intervention to ensure care and treatment.  This program, along with the health care appeals, was overseen by the Chief Medical Examiner, Dr. Youssef.  After four months, four health care appeals and four skin fold tears and infections, Plaintiff's chrono was partially granted at the second level for daily showers, but his boots were denied.

Plaintiff saw Dr. Sills, a podiatrist, on April 16, 2013.  Dr. Sills reportedly stated that Plaintiff needed high lace boots to alleviate pressure on Plaintiff's ankles.  Plaintiff claims that the chronic ankle pains and skin tears could have been prevented, alleviated or eased.

**III.   Discussion**

**A.   Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint is disjointed and difficult to understand.  It exceeds more than 25 pages, exclusive of exhibits, and contains repeated uses of abbreviations, partial sentences, conclusions, policies, procedures, and meaningless allegations.  Plaintiff's assertions are not sufficient to clearly state what happened and who was involved.  While the Court recognizes that Plaintiff is proceeding pro se, he has been advised in both this case and in other cases pending in

this district that he must set forth relevant facts and comply with Rule 8.  See, e.g., Crisp v. Wasco State Prison, Case No. 1:13-cv-01899-SKO, Doc. 10.  The Court again reminds Plaintiff that he is obligated to comply with Rule 8(a) and that he may not place the Court in the position of "'fish[ing] a gold coin from a bucket of mud.'"  Knapp v. Hogan, 738 F.3d 1106, 1111 (9th Cir 2013) (quoting U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

### B.  Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir .2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical needs against Defendant Youseff.  Although not entirely clear, it appears that Plaintiff is basing his claim against Defendant Youseff on the denial of his health care appeals.  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation.  Peralta v. Dillard, 744 F.3d

1076, 1086-87 (9th Cir. 2014).  The complaint therefore fails to state a cognizable claim against

Defendant Youseff based on the administrative review process.

To the extent that Plaintiff's claims are based on Defendant Youseff's treatment

decisions, Plaintiff has, at best, alleged a difference of opinion between himself and Defendant

Youseff or between his primary care physician and Defendant Youseff regarding Plaintiff's need

for daily showers and a boot.  A difference of opinion between a prisoner and prison medical

authorities as to proper treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d

1337, 1344 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

Additionally, a difference of opinion between medical providers regarding treatment does not

amount to deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To state

a claim under these conditions requires the plaintiff to "show that the course of treatment the

doctors chose was medically unacceptable under the circumstances, . . . and . . . they chose this

course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90

F.3d 330, 332 (9th Cir. 1996).  Plaintiff will be given leave to cure the deficiencies identified in

this claim.

Plaintiff also appears to allege a delay in receiving a referral to a podiatrist.  However,

Plaintiff does not allege sufficient facts for the court determine whether or not he states a claim

for such a delay.  Where a prisoner is alleging a delay in receiving medical treatment, the delay

must have led to further harm in order for the prisoner to make a claim of deliberate indifference

to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v.

Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Plaintiff has not alleged that the short

delay in receiving a podiatrist referral led to further harm.

Plaintiff also appears to allege a claim based on a four month delay in receiving daily

showers.  However, Plaintiff has not alleged sufficient facts to demonstrate that Defendant

Youseff knew of serious risk to Plaintiff's health from fewer than daily showers nor does he

identify the number of showers that he was permitted.  Further, Plaintiff admits that he received

treatment for his skin fold tears and infections.

### C. State Law Negligence and Tort Claims

Plaintiff may not pursue a state law negligence claim or state law tort claims unless he has complied with California's Government Claims Act. Compliance must be affirmatively alleged, and compliance with the prison's inmate appeals process does not suffice to exhaust state law tort claims. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty, (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004).

### IV. Conclusion and Order

As before, Plaintiff's amended complaint fails to comply with Rule 8 and fails to state a cognizable claim. In an abundance of caution, the Court will provide Plaintiff with a final opportunity to amend his complaint and cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint;

4. Plaintiff's third amended complaint may not exceed twenty-five pages; and

1

2      5.      If Plaintiff fails to file an amended complaint in compliance with this order, this

3      action will be dismissed, with prejudice, for failure to state a claim.

4

5      IT IS SO ORDERED.

6      Dated:   **August 5, 2014**                    /s/ Barbara A. McAuliffe

7                                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28