1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| OBIE CRISP, | ) 1:13-cv-00815-BAM (PC) |
| Plaintiff, | )<br>) ORDER DISMISSING ACTION FOR<br>) FAILURE TO STATE A CLAIM |
| v. | ) |
| WASCO STATE PRISON, et al., | )<br>) |
| Defendants. | )<br>)<br>) |

15

16        **I.        Screening Requirement and Standard**

17        Plaintiff Obie Crisp ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on

19   May 30, 2013.  Plaintiff filed a first amended complaint on August 22, 2013.  On May 15, 2014,

20   the Court dismissed Plaintiff's first amended complaint with leave to amend.  Plaintiff filed a

21   second amended complaint on June 16, 2014.  On August 6, 2014, the Court dismissed

22   Plaintiff's second amended complaint with leave to amend.  Plaintiff's third amended complaint,

23   filed on September 5, 2014, is currently before the Court for screening.

24        The Court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

26   1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

27   malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

28

1

1   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28

2   U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint must contain "a short and plain statement of the claim showing that the

4   pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

7   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

8   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

9   unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

10  (internal quotation marks and citation omitted).

11       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

12  liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

13  342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

14  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

15  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

16  (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

17  2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

18  consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at

19  678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

20       **II.     Plaintiff's Allegations**

21       Plaintiff is currently housed at the California Health Care Facility in Stockton, California.

22  The events alleged in Plaintiff's complaint occurred while he was housed at Wasco State Prison.

23  Plaintiff names the following defendants:  (1) Chief Medical Examiner Dr. Youseff; (2) Chief

24  Physician Surgeon Dr. Klang; (3) Dr. Solimoni; (4) California Correctional Health Care

25  Services; and (5) Appeals Chief L.D. Zamora.

26       Plaintiff claims that this action involves two separate claims for a boot:  (1) an initial boot

27  claim for the period between July 2012 and February 2013; and (2) a second claim stemming

28  from two podiatrist recommendations in April and July 2013.

1    Showers

2    Between July 2012 through November 2012, Plaintiff was a severe morbidly obese

3    patient weighing nearly 700 pounds.  Plaintiff was forced to shower every two to three days.

4    During this time, Plaintiff suffered multiple progressive injuries related to inadequate bathing.

5    There were weekly and monthly reports sent directly to Dr. Youseff, which proved medical need

6    and developing injuries.  Dr. Youseff was the final authority over 602 Health Care Appeals, the

7    Long Term patient program and medical chrono approval.  Plaintiff alleges that these avenues

8    afforded Dr. Youseff with awareness of documented health risks, post shower chrono,

9    developing progressive injuries, pharmacy orders for Bacitration, but Dr. Youseff did nothing

10   until the end of October 2012/start of November 2012, when he approved a Daily Shower

11   chrono.

12   Plaintiff alleges that daily shower are the only documented and viably proven treatment

13   for the build-up of fungus/bacteria, which causes his fat rolls to smell like athlete feet and split

14   open.  Plaintiff's claim is based primarily on the 2 months of unnecessary deliberation by Dr.

15   Youseff.  Although Plaintiff admits that he received temporary relief aids from August 2012 to

16   October 2012, he was denied viable treatment.  Plaintiff contends that Dr. Youseff did nothing

17   from August 2012 through October 2012, when he finally granted daily showers.  At that point,

18   Plaintiff already had sustained four preventable injuries.  Plaintiff believes that Dr. Youseff's

19   actions or inaction were in conscious disregard to an excessive risk to Plaintiff's health and were

20   medically unacceptable under the circumstances.

21   Boot Chrono

22   Between July 2012 and April 15, 2013, Plaintiff suffered chronic ankle pain that was

23   undiagnosed.  Plaintiff alleges that there was a nearly 10 month delay in seeing a specialist.

24   Defendants Youseff, Klang and Solimoni did not order a specialist for Plaintiff's months of

25   chronic undiagnosed ankle pain.  Plaintiff contends that he had a prior boot chrono from Wasco

26   State Prison.

27   Plaintiff contends that Dr. Solimoni was his regular doctor and saw Plaintiff every 2 to 3

28   days.  He observed chronic ankle pains from July 2012 to February 2013, writing medical

3

1  records attesting to chronic ankle pain and pharmacy orders of pain meds specifically for ankle.

2  At no time did Dr. Solimoni order a podiatrist specialist.  Dr. Youseff and Dr. Klang oversaw the

3  chrono authority and long term patient program, which mandated weekly chart review and

4  medical health history.  In Plaintiff's files was documented health risk to ankle without support,

5  which was validated by a past Wasco State Prison boot chrono.

6          In September 2012, Drs. Youseff and Klang ordered an interview with Plaintiff's regular

7  doctor, Dr. Solimoni.  In September 2012, Dr. Solimoni conducted a visual inspection of stress

8  and pain to Plaintiff's ankle.  In November 2012, Dr. Solimoni misdiagnosed Plaintiff, stating

9  that there was no foot deformity noted.  He also used a non-medical assumption, indicating that

10  Plaintiff did not walk, so there was no pressure or stress on the ankles.  Dr. Solimoni was not a

11  specialist podiatrist, but his report became the foundation for all other decisions by Defendants

12  Dr. Youseff, Klang, L.D. Zamora and California Correctional Health Care Services even after a

13  specialist, Dr. Sills, confirmed that Dr. Solimoni was wrong.  Based on Dr. Solimoni's report,

14  Drs. Youseff and Klang denied Plaintiff's request for reissuance of boots in November 2012.

15          Plaintiff alleges that a temporary CTC doctor notice a deformity on Plaintiff's foot and

16  ordered a podiatrist.  On April 16, 2013, Dr. Sills came to inspect a twisted bunion.  He

17  confirmed an actual foot deformity that all defendants said did not exist.  Dr. Sills noticed the

18  angle of Plaintiff's ankles and conducted a set of tests to confirm that weight and pressure was

19  on Plaintiff's ankles and that boot support would alleviate pain.

20          Plaintiff further alleges that no one told him of the podiatrist's recommendation until July

21  2013, when Plaintiff saw Dr. Sills walking past his door.  Dr. Sills reportedly was disgusted at

22  the break down in medical care and did another impromptu consultation confirming both medical

23  need and resulting pain/injury.  Even with 2 podiatrist recommendations, Plaintiff did not receive

24  a boot or an approved boot chrono between April and September 2013.

25      Health Care Appeals

26          Plaintiff alleges that he filed a health care appeal.  In June 2013, Plaintiff wrote to the

27  head administrator to address the failure of the appeal system as his appeal was in stasis for six

28

1   months.  When L.D. Zamora was contacted, the rushed appeals process was completed and

2   found no evidence of needed boots.

3        **III.**    **Discussion**

4        **A.  Federal Rule of Civil Procedure 8**

5        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

6   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

7   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

8   of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

9   (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

10  claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.

11  at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also

12  Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

13       Here, Plaintiff's complaint is disjointed and difficult to understand.  It exceeds more than

14  25 pages, including exhibits, and contains repetitious allegations.  While the Court recognizes

15  that Plaintiff is proceeding pro se, he has been advised in this case and in other cases pending in

16  this district that he must set forth relevant facts and comply with Rule 8.  See, e.g., Crisp v.

17  Wasco State Prison, Case No. 1:13-cv-01899-SKO, Doc. 10.  Despite repeated attempts and

18  warnings, Plaintiff has been unable to cure this deficiency.

19       **B.  Deliberate Indifference to Serious Medical Needs**

20       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

21  inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

22  1091, 1096 (9th Cir .2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

23  L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

24  (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

25  result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2)

26  "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096;

27  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

28

1    Deliberate indifference is shown where the official is aware of a serious medical need and

2  fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.

3  2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391

4  F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could

5  make an inference that "a substantial risk of serious harm exists" and he must make the

6  inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

7    Showers

8    Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical

9  needs against Defendant Youseff based on a denial of daily showers for a two-month period

10  from August 2012 to September 2012.  Plaintiff admits that he received showers every 2 to 3

11  days and also received medications for any skin tears/infections during this time period.  (ECF

12  No. 24.)

13    At best, Plaintiff has alleged a difference of opinion regarding the necessity of daily

14  showers.  A difference of opinion between a prisoner-patient and prison medical authorities as to

15  proper treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

16  1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).  To the extent that Plaintiff is

17  complaining of a two month period when Defendant Youseff reportedly denied him *daily*

18  showers (not all showers), such a temporary denial does not rise to the level of deliberate

19  indifference.  In other words, Plaintiff's inability to have a daily shower for a two-month period

20  is not objectively serious enough to rise to a constitutional claim.  Farmer, 511 U.S. at 834.

21    Specialist Referral

22    Plaintiff seeks to impose liability against defendants based on their failure to refer him to

23  a podiatry specialist.  However, Plaintiff's belief that certain referrals should have been ordered

24  evidences a mere disagreement between a physician and an inmate. Plaintiff admits that

25  Defendant Dr. Solimoni saw Plaintiff every 2 to 3 days, ordered him medications for ankle pain

26  and found no foot deformity in November 2012.  A prisoner's mere disagreement with diagnosis

27  or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240,

28  242 (9th Cir.1989).  "[A] complaint that a physician has been negligent in diagnosing or treating

1  a medical condition does not state a valid claim of medical mistreatment under the Eighth

2  Amendment. Medical malpractice does not become a constitutional violation merely because the

3  victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

4  1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate

5  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th

6  Cir.1990).

7         Boot Chrono

8         Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical

9  needs based on denial of a boot chrono.  With regard to this claim, Plaintiff admits that he

10  received examinations and pain medication for chronic ankle pain, which was diagnosed and

11  prescribed by Defendant Solimoni.  Plaintiff further admits that Defendant Solimoni examined

12  him in November 2012 and determined that he did not require a boot as he did not walk.

13  Defendants Youseff and Klang followed this recommendation.  The exhibits accompanying the

14  third amended complaint also demonstrate that Plaintiff was issued a chrono for orthopedic shoes

15  in March 2013.  (ECF No. 24, p. 27.)  At best, these allegations indicate a mere a disagreement

16  between Plaintiff and defendants regarding the need for a boot chrono in 2012.  As noted above,

17  such a disagreement is not sufficient to support a claim for deliberate indifference to serious

18  medical needs.  Sanchez, 891 F.2d at 242.

19         Plaintiff further admits that no purported foot deformity was noted until April 2013, when

20  a boot was recommended.  Although Plaintiff complains that he did not receive a boot or an

21  approved boot chrono between April 2013 and September 2013, this brief delay in receiving a

22  boot chrono does not rise to the level of a constitutional violation.  See, e.g., Shapley v. Nevada

23  Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) ("mere delay of surgery, without

24  more, is insufficient to state a claim of deliberate medical indifference").  In short, such a delay

25  is not objectively serious enough to state a constitutional claim.  Farmer, 511 U.S. at 834.

26  Additionally, Plaintiff has failed to adequately allege that the named defendants knew of the

27  April 2013 recommendation for a boot and were deliberately indifferent to his needs.  Jett, 349

28  F.3d at 1096.

### C.  Health Care Appeals

Plaintiff asserts a claim against Defendant Zamora and California Correctional Health Care Services arising out of the denial of his health care appeals.  However, as previously explained, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation.  Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).  As Plaintiff admits, defendants relied on the medical opinion of a staff physician who had evaluated Plaintiff and determined that he did not require a boot/boot chrono.

### IV.     Conclusion and Order

As before, Plaintiff's amended complaint fails to comply with Rule 8 and fails to state any cognizable claims.  Despite being provided with the relevant pleading and legal standards on more than one occasion, Plaintiff has been unable to cure the identified deficiencies in his complaint and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's complaint is DISMISSED for failure to state a cognizable section 1983 claim; and

2.  All pending motions, if any, are terminated.


IT IS SO ORDERED.

Dated:    **November 6, 2014**          /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE