UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE CRISP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-00815-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(ECF No. 27) |

　　　　Plaintiff Obie Crisp is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on May 30, 2013.  (ECF No. 1.)  On August 22, 2013, Plaintiff filed a first amended complaint.  (ECF No. 12.)  The Court screened the first amended complaint on May 15, 2014, and dismissed it with leave to amend.  (ECF No. 20.)

　　　　On June 16, 2014, Plaintiff filed a second amended complaint.  (ECF No. 21.)  On August 6, 2014, the Court screened the second amended complaint and dismissed it with leave to amend.  (ECF No. 23.)

　　　　On September 5, 2014, Plaintiff filed a third amended complaint.  (ECF No. 24.)  On November 7, 2014, the Court screened Plaintiff's third amended complaint and found that it failed to state any cognizable section 1983 claims.  Accordingly, the Court dismissed the complaint and closed this action.  (ECF No. 25.)  The Clerk of the Court entered judgment on November 7, 2014.  (ECF No.

26.) On the same date, Plaintiff filed the instant motion for leave to amend his complaint. (ECF No. 27.)

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. In this case, Plaintiff filed an amended complaint once as matter of course in August 2012. Subsequent to that time, the Court allowed Plaintiff the opportunity to amend his complaint two more times. Despite multiple opportunities, Plaintiff was unable to amend his complaint to state a cognizable claim. As such, the Court found that further leave to amend was not warranted, dismissed the third amended complaint and closed this action. Plaintiff's instant request for leave to amend provides no grounds to alter the Court's determination or to alter or amend the judgment. Fed. R. Civ. P. 59(e). Accordingly, Plaintiff's motion for leave to amend, filed on November 7, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 12, 2014**           /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE