# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE CRISP,<br><br>      Plaintiff,<br><br>  v.<br><br>WASCO STATE PRISON, et al.,<br><br>      Defendants. | 1:13-cv-00815-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 29) |

### I.    Procedural Background

Plaintiff Obie Crisp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013. Plaintiff filed a first amended complaint on August 22, 2013.

On May 15, 2014, the Court dismissed Plaintiff's first amended complaint and granted him leave to amend within thirty days. (ECF No. 20.) Plaintiff filed a second amended complaint on June 16, 2014. (ECF No. 21.)

On August 2, 2014, the Court dismissed Plaintiff's second amended complaint and granted him leave to amend within thirty days. (ECF No. 23.) Plaintiff filed a third amended complaint on September 5, 2014. (ECF No. 24.)

On November 7, 2014, the Court dismissed this action based on Plaintiff's failure to state a cognizable section 1983 claim. (ECF No. 25.) Judgment was entered on the same date. (ECF No. 26.)

On the same date, Plaintiff filed a motion for leave to amend the complaint. (ECF No. 27.) The Court denied the motion to amend. In so doing, the Court found that Plaintiff failed to provide any grounds to alter the Court's dismissal or to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 28.)

On November 19, 2014, Plaintiff filed the instant motion for appeal and reconsideration. (ECF No. 29.) Although labeled a motion for appeal, it appears that Plaintiff only seeks reconsideration by this Court. The motion for reconsideration is deemed submitted. Local Rule 230(l).

**II.   Motion for Reconsideration**

Plaintiff filed his motion for reconsideration 12 days after entry of judgment. A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment. United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e).

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).

Here, Plaintiff seeks reconsideration based "new evidence" that he was recently diagnosed with "Some Form of Conce[n]tration/Inability to focus disorder." (ECF No. 29, p. 1.) Plaintiff asks the court to look at his redraft and consider it on the merits. Plaintiff also asserts that he was unable to receive any law library assistance or guidance because of an inability to attend the law library due to his mobility impairment. Plaintiff avers that he has acquired help to draft an appropriate claim.

The Court has considered Plaintiff's moving papers, but does not find any basis supporting relief under Rule 59(e). Plaintiff's reference to his recent diagnosis and the recent

acquisition of help is unavailing for several reasons.  First, Plaintiff had multiple opportunities to amend his complaint in this action.  Second, if needed, Plaintiff could have requested extensions of time to amend his complaint in order to access the law library or to obtain assistance.  Third, Plaintiff has not provided any supporting evidence regarding mental illness or other limiting mental health conditions.  Fourth, and finally, Plaintiff has not presented the Court with any proposed amended complaint.  Accordingly, Plaintiff's motion to alter or amend the judgment shall be denied.

### III. Conclusion and Order

Based on the foregoing reasons, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 2, 2014**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE