# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE CRISP,<br><br>        Plaintiff,<br><br>  v.<br><br>WASCO STATE PRISON, et al.,<br><br>        Defendants. | 1:13-cv-00815-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 31) |

### I.   Procedural Background

Plaintiff Obie Crisp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013. Plaintiff filed a first amended complaint on August 22, 2013.

On May 15, 2014, the Court dismissed Plaintiff's first amended complaint and granted him leave to amend within thirty days. (ECF No. 20.) Plaintiff filed a second amended complaint on June 16, 2014. (ECF No. 21.)

On August 2, 2014, the Court dismissed Plaintiff's second amended complaint and granted him leave to amend within thirty days. (ECF No. 23.) Plaintiff filed a third amended complaint on September 5, 2014. (ECF No. 24.)

On November 7, 2014, the Court dismissed this action based on Plaintiff's failure to state a cognizable section 1983 claim. (ECF No. 25.) Judgment was entered on the same date. (ECF No. 26.)

On the same date, Plaintiff filed a motion for leave to amend the complaint. (ECF No. 27.) The Court denied the motion to amend. In so doing, the Court found that Plaintiff failed to provide any grounds to alter the Court's dismissal or to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 28.)

On November 19, 2014, Plaintiff filed the instant motion for appeal and reconsideration. Although labeled a motion for appeal, Plaintiff only sought reconsideration by this Court, which the Court construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 29.) On December 2, 2014, the Court denied Plaintiff's motion to alter or amend the judgment. (ECF No. 30.)

On December 8, 2014, Plaintiff filed objections to the Court's order denying his request for reconsideration. (ECF No. 31.) The Court construes the objections as a Federal Rule of Civil Procedure 60(b)(6) request for reconsideration of the December 2, 2014 order denying his motion to alter or amend the judgment.

**II.     Motion for Reconsideration**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted) (emphasis in original).

The Court has considered Plaintiff's moving papers, but does not find any basis supporting relief under Rule 60(b)(6).  As with his prior motion, Plaintiff's reference to his mental illness and recent acquisition of help is unavailing.  Plaintiff had multiple opportunities to amend his complaint in this action and, if needed, he could have requested extensions of time to amend his complaint in order to access the law library or to obtain assistance.  Plaintiff also has failed to provide any supporting evidence regarding mental illness or other limiting mental health conditions.

Additionally, Plaintiff attempts to reassert the factual basis of his complaint, suggesting his disagreement with the Court's underlying determination that he failed to state a cognizable section 1983 claim.  However, Plaintiff's mere disagreement with the Court's determination is not a sufficient basis for reconsideration.  See United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**III.    Conclusion and Order**

For the above stated reasons, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    **December 10, 2014**            /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE