UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OBIE CRISP, | ) | 1:13-cv-00815-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | FOR APPEAL TO DISTRICT COURT |
| v. | ) | JUDGE |
| | ) | (ECF No. 34) |
| WASCO STATE PRISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### I.   Procedural Background

Plaintiff Obie Crisp ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013.  Plaintiff filed a first amended complaint on August 22, 2013.  On May 15, 2014, the Court dismissed Plaintiff's first amended complaint and granted him leave to amend within thirty days.  (ECF No. 20.)

Plaintiff filed a second amended complaint on June 16, 2014.  (ECF No. 21.)  On August 2, 2014, the Court dismissed Plaintiff's second amended complaint and granted him leave to amend within thirty days.  (ECF No. 23.)

Plaintiff filed a third amended complaint on September 5, 2014.  (ECF No. 24.)  On November 7, 2014, the Court dismissed this action based on Plaintiff's failure to state a cognizable section 1983 claim.  (ECF No. 25.)  Judgment was entered on the same date.  (ECF No. 26.)

On the same date, Plaintiff filed a motion for leave to amend the complaint. (ECF No. 27.) The Court denied the motion to amend. In so doing, the Court found that Plaintiff failed to provide any grounds to alter the Court's dismissal or to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 28.)

On November 19, 2014, Plaintiff filed a motion for appeal and reconsideration. Although labeled a motion for appeal, Plaintiff only sought reconsideration by this Court, which the Court construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 29.) On December 2, 2014, the Court denied Plaintiff's motion to alter or amend the judgment. (ECF No. 30.)

On December 8, 2014, Plaintiff filed objections to the Court's order denying his request for reconsideration. (ECF No. 31.) The Court construed the objections as a Federal Rule of Civil Procedure 60(b)(6) request for reconsideration of the December 2, 2014 order denying his motion to alter or amend the judgment. On December 10, 2014, the Court denied Plaintiff's request for reconsideration of the order denying his motion to alter or amend the judgment. (ECF No. 32.)

On January 12, 2015, Plaintiff lodged his fourth amended complaint. (ECF No. 33.) Plaintiff also filed the instant motion for "Appeal to District Court Judge" for reconsideration of the Court's dismissal order. (ECF No. 34.)

**II.     Reconsideration by District Judge**

Plaintiff is not entitled to reconsideration by a district judge. Plaintiff consented in writing to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) on June 21, 2013. "Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (citation omitted). The Court does not find good cause to withdraw Plaintiff's consent and Plaintiff has not presented extraordinary circumstances entitling him to withdraw his consent. Accordingly, Plaintiff's motion for reconsideration by a district judge is HEREBY DENIED.

///

### III.     Motion for Reconsideration

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir.2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted) (emphasis in original).

By his instant motion for reconsideration, Plaintiff asks the Court to review his new evidence regarding his purported mental illness, a re-drafted amended complaint and evidence in support of the complaint.  (ECF No. 34, p. 3.)  With regard to Plaintiff's mental illness, the evidence submitted by Plaintiff is not persuasive.  First, the evidence is not current.  Rather, the evidence dates back to February and March 2014, which was well before the Court granted Plaintiff leave to file his second amended complaint on May 15, 2014.  (ECF No. 20.)   Second, the evidence does not identify any limitations resulting from Plaintiff's mental health status.  Third, and finally, Plaintiff had multiple opportunities to amend his complaint in this action and, if needed, he could have requested extensions of time to amend his complaint to obtain assistance.

Further, Plaintiff's efforts to reassert the factual basis of his complaint, including submission of an amended complaint and exhibits, establishes a disagreement with the Court's underlying determination that he failed to state a cognizable section 1983 claim.  As previously indicated to Plaintiff, his mere disagreement with the Court's determination is not a sufficient basis for reconsideration.  See United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Additionally, Plaintiff has not demonstrated why the new evidence supporting his complaint could not have been presented earlier in this matter.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

**IV.     Conclusion and Order**

For the above stated reasons, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **January 14, 2015**             /s/ Barbara A. McAuliffe             
                                                        UNITED STATES MAGISTRATE JUDGE